UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERIC T. DOAKS,

    Plaintiff,

    v.                                          CAUSE NO. 3:24-CV-900-PPS-AZ

HOLMSTEAD, et al.,

    Defendants.

## OPINION AND ORDER

Eric T. Doaks, a prisoner without a lawyer, filed a vague complaint against *eleven* defendants. [ECF 1.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Doaks alleges that he was wrongfully arrested on May 19, 2023, and held until August 7, 2023, when charges were dropped. He asserts that he was arrested based on a tip that was not corroborated, and the charges were dismissed due to insufficient evidence. He alleges that Prosecutor Kenneth Cotter and other unknown prosecutors deliberately disregarded his constitutional rights by prosecuting him knowing the evidence was insufficient. However, "in initiating a prosecution and in presenting the

State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "[A]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (citation omitted). Therefore, I will not permit Doaks to proceed against these defendants.

Doaks has also named the St. Joseph County Jail as a defendant. But a jail is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). So the claim against the Jail also must be dismissed.

Additionally, Doaks named the City of South Bend as a defendant. A municipality may only be held liable for constitutional violations caused by the municipality through its own policy, practice, or custom. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978). Here, the complaint does not allege facts from which it can be plausibly inferred that any constitutional violation occurred because of a municipal policy, custom, or practice. Therefore, I cannot allow Doaks to proceed against the City of South Bend.

Doaks also named the South Bend Police Department as a defendant. The police department is not a person or a policy-making unit of government that can be sued for constitutional violations pursuant to 42 U.S.C. § 1983. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, Mr. Pratt cannot proceed against the police department.

Doaks next named Officer Minell and several John Doe officers as defendants. The complaint, however, offers virtually no facts that could support a plausible inference that any officer violated Doaks' constitutional rights. He concludes that he was falsely searched, seized, arrested, and imprisoned, but he does not explain why he believes his rights were violated, outside of mentioning an uncorroborated tip and general lack of evidence. I cannot find that Doaks has stated a claim against Officer Minell or any unknown officers without more detail.

Finally, Doaks has sued Sheriff Holmsted, but there are no allegations in the complaint suggesting Sheriff Holmsted was personally involved in decisions regarding Doaks' May 19, 2023, search, seizure, arrest, or detention. "A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008) (citation omitted). There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 593–94 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. Supervisors can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (citation omitted). Because there are no allegations that Sheriff Holmsted was personally involved or even knew about Doaks' encounter with officers on May 19, 2023, I cannot allow him to proceed on this claim.

The amended complaint is short on facts, dates, and specifics about Doaks' May 19, 2023, arrest. Based on what it does say, it is not plausible to infer that any of his

3

constitutional rights were violated. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Doaks believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law

4

library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. If Doaks chooses to file an Amended Complaint, he should state simply what happened to him, who did it, and what the circumstances were that led to the incident. He should avoid any legal conclusions. Plainly stating the facts will enable me to more effectively and expeditiously screen the Amended Complaint.

For these reasons, the court:

(1) GRANTS Eric T. Doaks until **May 20, 2025**, to file an amended complaint; and

(2) CAUTIONS Eric T. Doaks that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 17, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT